## Flood *v.* Connor, Appellant.

*Contracts—Evidence—Question for jury—Practice, C. P.—Mo-*
*tions for binding instructions and for judgment non obstante vere-*
*dicto.*

In an action upon a contract of employment where the only wit-
nesses were the parties, and they were in dispute as to the terms
of their contract, each contradicting the other in essentials, the
court was bound to submit the case to the jury to find the facts.
Motions for binding instructions in favor of defendant and for
judgment non obstante veredicto were properly refused where there
was evidence to support a verdict for plaintiff.

Argued October 13, 1922.   Appeal, No. 140, Oct. T.,
1922, by defendant, from judgment of C. P. No. 1, Phila.
Co., Dec. T., 1919, No. 3762, on verdict for plaintiff in
the case of Terrance A. Flood v. James Connor.   Before
PORTER, HENDERSON, TREXLER, KELLER, LINN and GAW-
THROP, JJ.   Affirmed.

Assumpsit upon verbal contract of employment.   Be-
fore SHOEMAKER, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for plaintiff in the sum of $828.16 and judg-
ment thereon.

*Error assigned* was refusal of defendant's motion for
judgment non obstante veredicto.

*William Biggerstaff,* for appellant.—The testimony of the plaintiff shows no demand for this additional salary, but on the contrary admits acquiescence in the amount paid him, wherefore judgment should be for defendant non obstante veredicto: Webb v. Lees et al., 149 Pa. 13; Myers v. B. & O. R. R. Co., 150 Pa. 386; P. & R. C. & I. Co. v. Schmidt et al., 254 Pa. 351

*Oswald M. Milligan,* for appellee.

OPINION BY LINN, J., November 23, 1922:

Plaintiff has judgment for a balance due on a contract of employment. Defendant appeals and complains that his request for binding instructions and his motion for judgment n. o. v. were refused.

Plaintiff averred he was employed by defendant, a contractor and builder. The employment was admitted but the parties differed as to its duties and compensation. The plaintiff alleged defendant agreed to pay him 30% of the net profits of the business during the period in dispute, and that thereby he was entitled to $6,123.74, of which he had received only $4,881.50, leaving due $1,242.24. The defense was that plaintiff was entitled to receive 30% of the difference between the net profits and $4,881.50 which the plaintiff had already received; and that accordingly the plaintiff was overpaid $170.93.

The only witnesses were the parties; their testimony supported their respective allegations, each contradicting the other in essentials; in such circumstances the court was bound to submit the evidence to the jury to find the facts. As there is evidence to support the verdict, defendant's motions were properly refused.

Judgment affirmed.